UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

                        Plaintiff,

       v.                                         **DECISION AND ORDER**
                                                      20-CR-29-A

SHERRON KYE,

                        Defendant.

───────────────────────────────

       The defendant, Sherron Kye, is charged in a Superseding Indictment (Dkt. No. 24) with one count of Conspiracy to Possess With Intent to Distribute, and to Distribute, Controlled Substances, in violation of 21 U.S.C. §§ 846 (Count 1) and one count of Possession of 40 Grams or More of Fentanyl and 4-ANPP with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 (Count 20).  The case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

       On November 2, 2021, the Magistrate Judge filed a Report, Recommendation and Order ("R&R") (Dkt. No. 292) that recommends that defendant Kye's motions to suppress evidence and oral statements (Dkt. No. 103, 189, 209) be denied, and that defendant Kye's motion to dismiss the Superseding Indictment on Sixth Amendment speedy trial grounds also be denied (Dkt. No. 189).  No objections to the R&R were filed, and the R&R was therefore deemed submitted.  Because there were no objections to the R&R, the Court reviews the R&R on clear error review.

The Court adopts the reasoning of the Magistrate Judge as to the suppression motions in full and deems no further discussion necessary.

As to the Sixth Amendment motion to dismiss on speedy trial grounds, the Magistrate Judge, after a lengthy analysis of the 20-month period of delay since defendant Kye's arrest in this case and the reasons for that delay, the Magistrate Judge concluded,

> I find that the period of March 5, 2020 to the date of this Report, Recommendation and Order was properly utilized in pretrial litigation brought by the defendant and his co-defendants. Therefore, the time of delay in this case is not 'presumptively prejudicial,' and because of this finding, the other three *Barker* factors need not be addressed.

(Dkt. No. 292, p. 18, citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The Court disagrees, finding that the first factor weighs in defendant Kye's favor as "presumptively prejudicial."  Ordinarily, delay approaching one year qualifies as presumptively prejudicial and justifies inquiry into the remaining *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).  In the Second Circuit, there is a "general consensus" that a delay of more than eight months is presumptively prejudicial and merits further inquiry.  *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992).[1]  Nevertheless, the Court agrees with the Magistrate Judge's recommendation to deny defendant's Kye's motion to dismiss the Superseding Indictment on the grounds of denial of his right to a speedy trial under the Sixth Amendment.

---

[1] In the Government's opposition to defendant Kye's motion to dismiss, it proceeded with its argument on the assumption that "the first factor weighs in favor of the defendant".  (Dkt. No. 194, p. 11).

Excessive delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Doggett*, 505 U.S. at 656.  It is also well-settled that "[t]hese [four] factors 'must be considered together with such other circumstances as may be relevant' and 'have no talismanic qualities.'" *United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012), quoting *Barker*, 407 U.S. at 533.

"[T]he second factor--reason for delay--is often critical.  The Sixth Amendment is rarely violated by delay attributable entirely to the defendant or by delay that serves some legitimate government purpose . . . By the same token, delay stemming from deliberate government misconduct weighs heavily in favor of finding a violation." *United States v. Moreno*, 789 F.3d 72, 79 (2d Cir. 2015).  The Court finds that the reason for the delays in this case, as aptly analyzed by the Magistrate Judge in the R&R, which is incorporated herein by reference, were either neutral (*e.g.*, the suspension of jury trials by this District due to the onset of COVID-19 pandemic) or valid (*e.g.*, substitution of defense counsel, and numerous adjournment requests by defendants as to the deadline for filing non-dispositive and dispositive pretrial motions).  There is no indication of "deliberate government misconduct" regarding the delay in this case.

As to the third factor, the defendant's assertion of his right to a speedy trial, defendant Kye sought dismissal (Dkt. No. 189) of the Superseding Indictment on April 27, 2021, a little over a year after his arrest on March 5, 2020—as far as the Court can tell, asserting the right for the first time.  He filed a severance motion (Dkt.

260) on September 14, 2021,[2] invoking his constitutional right to speedy trial, approximately a year-and-a-half after his arrest. A "lack of timeliness, vigor or frequency" in asserting the right to a speedy does not waive the claim, but it undercuts it. *Rayborn v. Scully*, 858 F.2d 84, 93 (2d Cir. 1988).

      The fourth factor, prejudice to the defendant, also does not weigh in defendant Kye's favor. He generally argues prejudice based on the length of his pretrial detention and anxiety from being detained during the pandemic. Defendant Kye does not allege his defense has been impaired by the delay, while impairment of the defense is the type of prejudice deemed the most serious. *See Barker*, 407 U.S. at 532. It is an "exceedingly rare" instance when "the length of delay alone supports a showing of prejudice." *See Moreno*, 789 F.3d at 82. Moreover, the Court is aware of the unexpected challenges imposed by the situation of the pandemic, particularly with respect to conducting jury trials, but anxiety stemming from the pandemic is undeniably a circumstance every pretrial detainee has faced in the past couple of years.

      The Court has given careful consideration to the proper weight to assign to the four inter-related *Barker* factors in assessing defendant Kye's Sixth Amendment speedy trial claim. The Court finds that the reasons for the delay in bringing the defendant to trial have not impaired the fundamental fairness of the prosecution enough to warrant dismissal under the Sixth Amendment.

---

[2] The severance motion remains pending with this Court. Upon issuance of this Decision and Order, the Court will set a briefing schedule on that motion. (Dkt. No. 261).

Upon clear error review pursuant to 28 U.S.C. §636(b)(1), and for the reasons set forth in the R&R and outlined above, it is

**ORDERED** that defendant Kye's motions to suppress (Dkt. No. 103, 189, 209) and motion to dismiss (Dkt. No. 189) are denied (Dkt. No. 292).

**IT IS SO ORDERED.**

                                            _s/Richard J. Arcara_
                                            HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT COURT

Dated:   January 20, 2022